[Civ. No. 6330.  First Appellate District, Division Two.—August 30, 1928.]

J. A. ANDERSON et al., Respondents, v. RINDGE COMPANY (a Corporation), Appellant; NATHAN NEWBY, Defendant and Respondent.

M. F. Mitchell, Richard Hartley and W. J. Clark for Appellant.

Anderson & Anderson, Edward F. Wehrle, Victor T. Watkins and Nathan Newby for Respondents.

STROTHER, J., *pro tem.*—This action was brought by plaintiffs, a firm of lawyers, to recover an attorney's fee alleged to be due for services rendered the defendant Rindge Company. The other defendant, Newby, also a lawyer, was so joined because he had an interest in the fee and refused to become a party plaintiff. The action was tried before a jury, which brought in a verdict for the amount of the demand.

The complaint is in two counts, one declaring upon a book account, the other upon a *quantum meruit* for the value of the services alleged to have been rendered at the instance of defendant. The answer of the Rindge Company is a specific denial of the allegations of the complaint. The answer of the defendant Newby admitted the allegations of the complaint. The defendant Rindge Company appeals from the judgment, and the record is brought before us in a bill of exceptions.

The evidence on behalf of plaintiffs gave a circumstantial account of the employment of the attorneys in certain litigation in which the Rindge Company was a party, and of the services rendered by them to that defendant.

The evidence on behalf of that defendant did not deny the fact of the employment or of the performance of any of the services claimed to have been rendered.

A number of exceptions were taken by defendants to the rulings of the court on admissions of evidence. Only three points, however, are urged in support of the appeal. The defendant offered in evidence a letter written by plaintiffs to Mrs. May K. Rindge, who seems to be the party principally interested in the Rindge Company, urging payment of fees for services in matters wholly unconnected with the claim in suit here, but reminding her of concessions made in other matters, in the hope of settlement. The letter contains this clause in relation to the matter in issue here: "and we also offered to leave the matter of the Broadway opening claim (reduced by us to $1,500.00 in the hope of a satisfactory adjustment) until you could confer with us in that matter." To this offer plaintiffs objected and the court sustained the objection. The argument of appellant is that it was competent evidence as an admission against interest as to the value of the services. The statement in the letter was so patently a mere recital

of an unsuccessful offer of compromise that it does not require argument, and it was clearly inadmissible in evidence.

A part of the services rendered by the attorneys consisted in the preparation for making a motion in a suit brought by the city of Los Angeles against the Rindge Company and others to condemn a right of way for a street, and giving notice of the motion to dismiss the suit for condemnation on the ground that the damages awarded for the taking of the right of way had not been paid, though a year had elapsed after the award. The pressing of the motion to hearing was deferred by stipulation between the parties to that action, pending negotiations for a settlement which was concluded, whereby the Rindge Company received $50,000, in addition to the damages awarded. F. B. Scotton, office manager of the defendant company, called as a witness for defendant, testified that "In commencing those negotiations, I was guided by Anderson and Anderson and Mr. Newby as one would be."

In the trial of this action two attorneys were examined by plaintiffs, as experts, as to the value of the services performed. The action of the court complained of was permitting the inclusion in the hypothetical question asked these witnesses of a recital of the receipt of $50,000 as a result of their labors.

It appeared from evidence on both sides of the case that there had been negotiations for settlement between the parties to the condemnation suit which had been dropped before these plaintiffs were retained, and that the negotiations were reopened after the notice of motion by them, and successfully concluded with their aid. It follows that those facts were proper matters for the consideration of the jury in finding the value of the services, and of an expert in giving his judgment of their value.

The last contention of the appellant is almost too absurd for comment. The defendant Newby testified on cross-examination that part of the work done in preparation for the motion for dismissal was done by employees in his office, and it is claimed that this was a breach of the contract between plaintiffs and defendant which called for the personal knowledge and skill of plaintiffs. The character of the labors of the employees does not appear, and, of course, it will be presumed that the plaintiffs

performed their contract. It is not suggested that they did not attain the ends for which they were employed.

For the reasons stated the judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.